IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-02929-SKC

SECURITIES EXCHANGE COMMISSION,

        Plaintiff,

v.

CORY D. WILLIAMS,

        Defendant.

---

**ORDER RE: SECOND MOTION FOR DEFAULT JUDGMENT [DKT. 31]**

---

This Order addresses Plaintiff Securities and Exchange Commission's ("SEC or Commission") Second Motion for Default Judgment ("Motion"). [Dkt. 31.] The Court has reviewed the Motion and the entire file. No hearing is necessary. For the reasons stated herein, the Court GRANTS the Motion.

### A. BACKGROUND[1]

This matter arises out Defendant Corey D. Williams' involvement in a fraudulent offering scheme. [Dkt. 1, ¶8.] Williams, along with his partner James R.

---

[1] The following facts have been taken from the Complaint and the Commission's Order [Dkts. 1, 31-1] and are deemed admitted. *S.E.C. v. Parrish*, No. 11-cv-00558-WJM-MJW, 2012 WL 4378114, at *1 n.1 (D.Colo. Sept. 25, 2012) (citing *Dundee Cement v. Howard Pipe & Concrete*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Glover, were registered representatives and investment adviser representatives at Signator Investors, Inc. [*Id.*] From approximately May 1998 through May 2012, Glover conducted an offering that defrauded at least 125 Signator clients and brokerage customers of approximately $13.5 million. [*Id.*] Specifically, Williams and Glover solicited clients to invest in Colonial Tidewater Realty Income Partners, LLC, a security not approved for sale by Signator representatives. [*Id.*]

The Commission found that Glover made materially false and misleading statements regarding the financial health and investment-approval status of Colonial Tidewater. [*Id.* at ¶9.] It also found that, while Williams lacked sufficient information to know that Glover's statements to investors were false, he accepted undisclosed fees from Colonial Tidewater. [*Id.*] And, as an investment adviser, Williams had a fiduciary duty to disclose material conflicts of interest to his clients and to act in their best interests. [*Id.*] Williams breached this duty by accepting quarterly commission payments from Colonial Tidewater without disclosing this information to his advisory clients. [*Id.*] These payments, which came from monies invested by his advisory clients in Colonial Tidewater, disadvantaged his clients while benefitting Williams. [*Id.*] Further, Williams knew that a substantial number of his advisory clients were investing in Colonial Tidewater and that Signator did not sanction or approve the investment. [*Id.*] Moreover, when clients complained to Williams regarding problems with their investments in Colonial Tidewater, he ignored these red flags, continued

to act as their investment adviser, all while continuing to receive payments from Colonial Tidewater. [*Id.*]

At some point, the Commission instituted public administrative and cease-and-desist proceedings against Williams under Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Sections 203(f) and 203(k) of the Investment Advisers Act of 1940 ("Advisers Act"), and Section 9(b) of the Investment Company Act of 1940 ("Investment Company Act"). [Dkt. 31-1, p.1.] In anticipation of these proceedings, Williams submitted an Offer of Settlement to resolve the matter, which the Commission accepted. [*Id.*] The Commission memorialized Williams' offer and its findings, as summarized above, in a Final Commission Order ("Order") entered against him on August 13, 2015. [Dkt. 1, p.1.]

The Order directed Williams to pay disgorgement of $94,191, together with prejudgment interest of $9,854, and further required Williams to pay a civil money penalty of $94,191, plus outstanding interest pursuant to 31 U.S.C. § 3717, within 10 days from the Order's issue date. [*Id.*] Also under the Order, Williams was enjoined from certain behaviors to prevent him from "committing or causing any violations and any future violations of Sections 206(a) and 206(2) of the Advisers Act."[2] [Dkt. 31-1, Section IV.B.]

---

[2] Specifically, the Commission barred Williams from associating with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; and prohibited him from serving or acting as an employee, officer, director, member of an advisory board, investment adviser or depositor of, or principal underwriter for, a registered

The Commission filed its Complaint on August 13, 2020, when Williams failed to make payments as directed under the Order.[3] [Dkt. 1.] While Williams initially indicated his intent to participate in the matter (for instance by consenting to the Magistrate Judge's jurisdiction [Dkt. 23]), he failed to file an answer or otherwise respond. Accordingly, the Commission filed a motion for entry of default, which the Clerk of the Court granted. [Dkts. 24, 27.] Subsequently, the Commission filed the present Motion for default judgment.[4] [Dkt. 31.]

## B. LEGAL PRINCIPLES

Under Federal Rule of Civil Procedure 55(b), default judgment may be entered against a party who fails to appear or otherwise defend a case. However, a party is not entitled to default judgment as a matter of right. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-02445-LTB-MJW, 2008 WL 793606, at * 2 (D. Colo. Mar. 22, 2008) (quoting *Cablevision of S. Conn. Ltd. P'ship v. Smith*, 141 F. Supp.2d 277, 281 (D. Conn. 2001)). Even after the entry of default, before granting a motion for default judgment, it "remains for the court to consider whether the unchallenged facts

---

investment company or affiliated person of such investment adviser, or depositor, or principal underwriter. [Dkt. 31-1, pp.5-6.] The SEC further barred Williams from participating in any offer of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock. [*Id*.]

[3] The Commission originally filed its Complaint in Maryland, but it was transferred to this District on September 28, 2020, after Williams requested, and the Commission did not oppose, the change in venue. [Dkts. 7, 10, 11.]

[4] The Court previously denied the Commission's first motion for default judgment, without prejudice, for failing to attach the Order to its Motion. [Dkt. 30.]

4

constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)).

In determining whether a claim for relief has been established for purposes of the entry of default judgment, the well-pleaded facts in the complaint are deemed true. *Deery Am. Corp. v. Artco Equip. Sales, Inc.,* No. 06–cv–01684, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007). And the court accepts undisputed facts set forth in the affidavits and exhibits. *Id*. But the decision whether to enter judgment by default is committed to the sound discretion of the district court. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

### C. DISCUSSION
#### 1. Jurisdiction & Venue

In determining whether the entry of default judgment is warranted, the Court must first determine whether it has jurisdiction over the subject matter and personal jurisdiction over the defendant. *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v, Life Sav. & Loan,* 802 F.2d 1200, 1202-03 (10th Cir. 1986). "A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties. *Id*. at 122.

As to personal jurisdiction, the record confirms Williams resides in Parker, Colorado, which is where the Commission executed service upon him (by leaving the

summons with his mother at his usual place of abode). [Dkt. 4, 6.] Thus, the Court has personal jurisdiction over Williams.[5]

Venue is also proper because Williams is an inhabitant of Colorado. 15 U.S.C.A. §80b-14. *See also Sec. & Exch. Comm'n v. Myers*, 285 F. Supp. 743, 748 (D. Md. 1968) ("Section 214 of the Act, 15 U.S.C.A. § 80b-14, provides that service may be made wherever the defendant is found, transacts business, or is an inhabitant."). Moreover, Williams confessed venue is proper in Colorado when he requested venue be transferred from Maryland to Colorado. [Dkt. 7.].

Regarding subject matter jurisdiction, the allegations in the Complaint – taken as true for purposes of default judgment – establish the Court's jurisdiction over this lawsuit and the parties. Specifically, the Commission brings this matter under Section 209(d) of the Advisers Act. [Dkt. 1, ¶5.] In relevant part Section 209(d) reads:

> Whenever it shall appear to the Commission that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of ... any ... order hereunder, ... it may in its discretion bring an action in the proper district court of the United States, ... to enforce compliance with ... any ... order hereunder.

[Dkt. 1, ¶16 (citing 15 U.S.C. § 80b-9(d)).] Therefore, the Court has jurisdiction under 28 U.S.C. § 1331.

**2.    Liability**

---

[5] Further, Williams is not a minor, incompetent person, or in the military service. [Dkt. 31-3, p.1.]

6

The Order is determinative of the issue of liability. *See United States S.E.C. v. Coronati*, No. 16-CV-2022 (ARR), 2016 WL 6462240, at *3 (E.D. N.Y. Oct. 14, 2016) ("Indeed, even if defendant had not defaulted, he would be precluded from challenging the validity of the [Commission's] Order in this proceeding under the Securities Act and the Exchange Act."); *see also, S.E.C. v. Gerasimowicz*, 9 F. Supp.3d 378, 380 (S.D.N.Y. 2014) (". . . litigants are precluded from challenging the validity of SEC orders in enforcement proceedings initiated pursuant to [] the Securities Act and [] the Exchange Act."); *S.E.C. v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) ("By the time a § 21(e)(1) [the analogous provision relating to the Exchange Act] application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order."); *S.E.C. v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006) ("[Regarding] the propriety of the . . . [order] taken by the SEC . . . re-examination is precluded by the administrative regime explicitly mandated by Congress.").

Here, the Order, which Williams consented to establishes he violated Sections 206(1) and (2) of the Advisers Act. In its Order, the Commission made findings as to Williams' involvement in the Colonial Tidewater offering that violated Sections 206(1) and (2) of the Advisers Act. [Dkt. 31-1, pp.2-5.] These findings were made "pursuant to [Williams'] Offer of Settlement," and moreover, Williams consented to the entry of the Order. [*Id.* at p.2 n.1.] Thus, the undisputed facts and well-pleaded

7

allegations confirm the Commission is entitled to relief under Section 209(d) of the Advisers Act.

**3.     Damages**

Default judgment cannot be entered until the amount of damages has been ascertained. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A court may enter a default judgment without a hearing when, as is the case here, "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Eighth Dist. Elec. Pension Fund v. Campbell Elec., Inc.*, No. 16-cv-03040-CMA, 2017 WL 1243059, at *2 (D. Colo. Mar. 17, 2017) (quoting *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). In making an independent determination of the amount of damages, "the court may rely on detailed affidavits or documentary evidence." *Id*. (quoting *Breaking the Chain Found., Inc. v. Capitol Educ. Supp., Inc.*, 589 F. Supp. 2d 25, 28 (D.D.C. 2008)); *Lopez v. Highmark Constr., LLP*, No. 17-cv-01068-CMA-MLC, 2018 WL 1535506, at *3 (D. Colo. Mar. 29, 2018) (same).

Here, the Order mandated that Williams pay disgorgement of $94,191, together with prejudgment interest of $9,854, and further required Williams to pay a civil money penalty of $94,191, plus outstanding interest pursuant to 31 U.S.C. § 3717. [Dkt. 31-1.] The following excerpt from the Order discusses the bases of the Commission's findings as to damages:

> For every check that Williams received from Colonial Tidewater, he then paid half of the monies to Glover. As a result of this arrangement, Williams received a 1.5 percent commission on all new investor monies brought into

8

> Colonial Tidewater by Glover each quarter. In total, Williams received $188,382 from Colonial Tidewater from 2005 through 2011. Williams paid half this sum to Glover and kept the remaining $94,191 for himself.

[Dkt. 31-1.]

The damages in this case are capable of mathematical calculation because the SEC determined the specific amount of ill-gotten funds Williams received, and it specified the amount owed in the Order. Thus, no hearing is necessary, and the Court finds sufficient evidence to enforce the damages.

### D. CONCLUSION

For the foregoing reasons, the Motion is GRANTED. The Commission's August 13, 2015 Order shall be enforced. Williams shall pay the Commission $94,191, plus interest, in disgorgement, and a civil penalty of $94,191, plus interest accruing pursuant to 31 U.S.C. § 3717. A separate judgment shall issue.

SO ORDERED.

DATED: March 30, 2022.

By the Court:

S. Kato Crews
United States Magistrate Judge

9